# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00224-DLB PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 20)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Order Following Screening Of Third Amended Complaint**

**I.      Background**

    **A.      Procedural History**

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiff initiated this action by filing his complaint on February 4, 2009. On May 8, 2009, the Court dismissed Plaintiff's complaint with leave to amend. On June 2, 2009, Plaintiff filed his first amended complaint. On November 2, 2009, the Court dismissed Plaintiff's first amended complaint with leave to file a second amended complaint. On November 17, 2009, Plaintiff filed his second amended complaint. On May 3, 2010, Plaintiff then filed a third amended complaint, which is the operative pleading in this action. (Doc. 20.)

**B.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.    Summary of Third Amended Complaint**

Plaintiff is currently incarcerated at California State Prison at Corcoran ("CSP-Cor"), where the events giving rise to this action occurred. Plaintiff names as Defendants: the CDCR, the Director of CDCR, Darrell G. Adams, R. Lopez, R. Fisher, D. White, R. Broomfield, A. Diaz, M. Lopez, W. S. Nickless, S. Rousseau, P. Maldonado, and K. Pacheco. Plaintiff alleges violations of California Government Code section 11340.5, the First Amendment, the Eighth Amendment, Title II of the Americans with Disabilities Act, § 504 of the Rehabilitation Act of 1973, and the Fifth Amendment. Plaintiff requests as relief compensatory and punitive damages, declaratory relief, injunctive relief in the form of adequate mental health care, single cell status,

ceasing of retaliatory and discriminatory acts, and appointment of counsel.[1]

Plaintiff alleges the following. Plaintiff is an inmate at CSP-Cor and is assigned to a program for inmates with severe mental disorders called the Correctional Clinic Case Management System ("CCMS"). (Third Amended Compl. ("TAC") ¶ 4.) Plaintiff arrived at CSP-Cor in November 2007, and a correctional officer falsely accused him of indecent exposure in the shower. (TAC ¶ 6.) Plaintiff was placed in administrative segregation ("ad seg"), and was denied access to his property and legal material, even though he showed Defendants M. Lopez and A. Diaz his court deadlines. (TAC ¶ 7.) Plaintiff filed inmate appeals with Defendant Warden Adams and to the appeals coordinator. (TAC ¶ 8.)

Plaintiff's property was issued to him on February 18, 2008, but then confiscated on March 5, 2008 on the charge of refusing a cellmate. (TAC ¶ 9.) Plaintiff contends this was done by correctional officer S. Vela and orchestrated by Defendants Maldonado, Diaz, and M. Lopez. (TAC ¶ 9.) Plaintiff was placed in ad seg, on property restriction, and stripped down to 1 pair of boxers, 1 shirt, 1 pair of socks, 1 sheet, no towel, hygiene products, legal or writing material, confiscation of prescription eye glasses, and prescription tennis shoes. (TAC ¶ 9.) Plaintiff filed a "class action" prison grievance against ad seg officials regarding a memorandum which detailed the ad seg unit's policy. (TAC ¶ 10.) After the filing of the grievance, Plaintiff was moved to cell in another section without working lights. (TAC ¶ 11.)

On May 2008, Plaintiff filed another grievance against Defendant Diaz because he was not an impartial decision maker. (TAC ¶ 12.) Defendant Maldonado placed a brown paper bag on the outside of Plaintiff's cell window, and later placed a yellow envelope, with the initials IEX for "indecent exposure." (TAC ¶ 14.) Defendant Diaz created a hostile environment of inmates detained for indecent exposure, by denying outdoor recreation and having their cells "excessively" searched. (TAC ¶ 15.)

In April 2008, Plaintiff filed an ADA complaint about the retaliation and discrimination he was experiencing, and not receiving adequate mental health care treatment for his

---

[1] Plaintiff's previous motion for appointment of counsel, filed November 17, 2009, was denied on November 24, 2009.

3

exhibitionism disorder.  (TAC ¶ 17.)  CSP-Cor Institutional Classification Committee ("ICC") members, Defendants R. Lopez, Fisher, White, and Broomfield, assessed Plaintiff with multiple Security Housing Unit ("SHU") detentions, and did not assign him any "exhibitionism" treatment.  (TAC ¶ 18.)  Plaintiff was released from ad seg in August 2008.  (TAC ¶ 18.)

In September 2008, Plaintiff was again falsely accused of indecent exposure while taking a shower.  (TAC ¶ 19.)  CSP-Cor ICC member defendants assessed Plaintiff another nine-month SHU term.  (TAC ¶ 20.)  Plaintiff was then issued an indeterminate SHU detention by the ICC defendants.  (TAC ¶ 21.)

Plaintiff was placed in CSP-Cor SHU in March 2009.  (TAC ¶ 21.)  He was endorsed for exhibitionism treatment in May 2009.  (TAC ¶ 21.)  However, Plaintiff refused to sign CDC 7448, "Informed Consent For Mental Health Care" and "Exhibitionism Pre-Treatment Group Contract."  (TAC ¶ 21.)  Signing the forms would have allowed CDCR clinicians to discuss inmate health issues with custody staff, nursing staff, and other staff, to accept that confidentiality is limited, and to sign any release of information required regarding an inmate's past offenses and related behavior.  (TAC ¶ 21.)

In July 2009, CSP-Cor ICC member defendants assigned Plaintiff an R suffix, labeling him a sex offender.  (TAC ¶ 22.)  Plaintiff also filed an inmate grievance regarding an inadequate law library system.  (TAC ¶ 25.)

**III.   Analysis**

    **A.   First Amendment Retaliation**

Plaintiff contends that Defendants Maldonado, Diaz, and M. Lopez retaliated against Plaintiff for his filing of numerous prison grievances against 30A3 administrative officials.  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

4

(4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 1.  Defendant Maldonado

Defendant Maldonado allegedly orchestrated a rules violation report against Plaintiff for refusing a cellmate. (TAC ¶ 9.) Defendant Maldonado also placed a brown paper bag on the outside of Plaintiff's cell window, and later placed a yellow envelope, with the initials IEX for "indecent exposure." (TAC ¶ 14.)

Plaintiff fails to state a cognizable retaliation claim against Defendant Maldonado. "Orchestrating a rules violation report" suggests that Defendant Maldonado planned to have a correctional officer accuse Plaintiff of refusing a cell mate.[2] Plaintiff however fails to allege sufficient facts in support of this contention. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555); *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff has not set forth sufficient factual matter to state a plausible claim on its face as to the orchestration of a rules violation report for purposes of retaliation.[3]

Plaintiff's claim that Defendant Maldonado placed a "IEX" sign outside Plaintiff' cell door also fails to state a cognizable retaliation claim. Being labeled "IEX" does not sufficiently state an adverse action by Defendant Maldonado. Adverse action is action that "would chill a person of ordinary firmness" from engaging in protected First Amendment activity. *Pinard v. Clatskanie School Dist.*, 467 F.3d 755, 770 (9th Cir. 2006). Plaintiff's allegations fail to establish that being labeled "IEX" chilled Plaintiff's First Amendment activities.

It is also unclear from Plaintiff's pleadings whether Defendant Maldonado's action in placing an "IEX" sign outside his cell failed to reasonably advance a legitimate penological goal.

---

[2] While Plaintiff contends he was falsely accused of indecent exposure, Plaintiff does not contend that he was falsely accused of refusing a cellmate. The Court will assume arguendo that the accusation of refusing a cellmate is false. Otherwise, Plaintiff would fail to state a retaliation claim.

[3] This claim also fails against Defendants Diaz and M. Lopez for the same reason.

1 Plaintiff does not deny that he suffers from an exhibitionism disorder.  Being labeled "IEX"
2 would serve the penological interest of warning prison staff of Plaintiff's behavior, and to
3 preserve security and safety in the prison.  *See Mauro v. Arpaio*, 188 F.3d 1054, 1059 (9th Cir.
4 1999) (en banc) ("[P]rotecting the safety of guards in general is a legitimate interest, and that
5 reducing sexual harassment in particular likewise is legitimate.").  Accordingly, Plaintiff fails to
6 state a cognizable retaliation claim against Defendant Maldonado.

        2.      <u>Defendant Diaz</u>

8      Defendant Diaz allegedly fostered a hostile environment by denying recreational outdoor
9 activity and having inmates' cells excessively searched.  (TAC ¶ 15.)  Plaintiff also contends that
10 Defendant Diaz was not an impartial decision maker and put Plaintiff on property restriction.
11 (TAC ¶ 12.)

12      Plaintiff's claim of property restriction is not sufficient to state a cognizable retaliation
13 claim.  Plaintiff's allegations fail to demonstrate that Defendant Diaz's placing of Plaintiff on
14 property restriction was an adverse action for purposes of retaliation.  *Pinard*, 467 F.3d at 770.

15      Plaintiff's claim that his cell was excessively searched also fails to state a cognizable
16 retaliation claim.  Plaintiff's allegations fail to demonstrate how the cell searches were excessive.
17 This is a conclusory allegation and insufficient to state a claim.  *See Iqbal*, 129 S. Ct. at 1949.

18      Plaintiff's contention that he was denied recreational outdoor activity does not state a
19 cognizable retaliation claim.  Again, Plaintiff fails to allege sufficient facts that indicate the
20 action was adverse for the purposes of retaliation.  The denial of recreational outdoor activity in
21 this instance would seem to be related to the purpose of disciplinary needs.  The right to outdoor
22 exercise is not absolute or unyielding to other considerations.  *Norwood v. Vance*, 572 F.3d 626,
23 631-32 (9th Cir. 2009).  Whether the denial of outdoor exercise constitutes a constitutional
24 violation is dependent upon the circumstances leading to the denial.  *Id.*

25      Defendant Diaz's adjudication of Plaintiff's rules violation report does not state a
26 cognizable retaliation claim.  Plaintiff does not allege that Defendant Diaz issued the rules
27 violation report, or that the rules violation report was retaliatory.  Ruling against Plaintiff is not
28 sufficient by itself to state an adverse action for the purposes of retaliation.  Accordingly,

Plaintiff fails to state a cognizable retaliation claim against Defendant Diaz.

### 3. Defendant M. Lopez

Plaintiff alleges that Defendant M. Lopez was shown Plaintiff's court deadlines and failed to provide Plaintiff with his personal property. (TAC ¶ 7.) Plaintiff fails to demonstrate that this action was undertaken because of Plaintiff's protected conduct. *Rhodes*, 408 F.3d at 567-68. Plaintiff's pleadings indicate that he filed inmate grievances regarding this issue after Defendant M. Lopez failed to provide Plaintiff with his legal property. Thus, Defendant's alleged actions, even if adverse, did not occur *because of* Plaintiff's protected conduct. Plaintiff thus fails to state a cognizable retaliation claim against Defendant M. Lopez.[4]

### B. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate conditions of confinement does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

---

[4] Plaintiff makes the same allegation against Defendant Diaz, and fails to state a retaliation claim against him for the same reasons.

7

matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that Defendants M. Lopez, Diaz, and Maldonado violated Plaintiff's Eighth Amendment rights when they denied him outdoor activities because of their unlawful confiscation of his prescription sun eyeglasses. (TAC ¶ 37.) It is unclear from Plaintiff's pleadings whether Defendants denied him outdoor activities directly, or indirectly by denying him his prescription eye glasses. In either situation, Plaintiff fails to allege sufficient facts that indicate Defendants M. Lopez, Diaz, and Maldonado knew of and disregarded an excessive risk to Plaintiff's health or safety. *Farmer*, 511 U.S. at 837. Plaintiff thus fails to state a cognizable Eighth Amendment claim.

### C.     ADA and RA Claims

Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act ("RA") "both prohibit discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997); *Duffy v. Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped

within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Id.*

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1988)).

Plaintiff contends that Defendant CDCR violates the ADA and RA by having a policy of denying mental health care to inmates who refuse to sign a form giving up his privacy rights, allowing prison officials to place inmates in the SHU regardless of mental status, punish inmates for indecent exposure by placing them in control jumpsuits, covering their window with yellow placard precautionary sign, group therapy restriction, and ten-day yard suspension. (TAC ¶ 40.)

Plaintiff fails to state a cognizable ADA or RA claim. Treatment or lack of treatment for Plaintiff's mental health issues does not provide a basis upon which to impose liability. *See Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (per curiam) (finding medical treatment not basis for ADA claims); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (finding RA, like ADA, was never intended to apply to decisions involving medical treatment); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (finding medical decisions not ordinarily within scope of the ADA); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Plaintiff's claims that the CDCR violated the ADA and RA by denying Plaintiff mental health care does not state a claim.

Plaintiff's claims regarding placement in the SHU, control jumpsuits, precautionary signs, group therapy restrictions, and ten-day yard suspension also fails to state a cognizable ADA or RA claim. Plaintiff has not sufficiently alleged that these actions resulted in a denial of the prison's services, programs, or activities. Even if Plaintiff was excluded from a prison's

services, programs, or activities, Plaintiff has not sufficiently alleged that these actions were taken because of his disability. Labeling an action "discriminatory," without more, is a legal conclusion, which is not sufficient to state a cognizable claim. *Iqbal*, 129 S. Ct. at 1949.

Plaintiff alleges that Defendants M. Lopez and A. Diaz retaliated and discriminated against Plaintiff by denying yard activity and excessively searching cells. (TAC ¶ 41.) This does not state a cognizable ADA or RA claim. Plaintiff has not sufficiently alleged that these actions resulted in a denial of the prison's services, programs, or activities. Even if Plaintiff was excluded from a prison's services, programs, or activities, Plaintiff has not sufficiently alleged that these actions were taken because of his disability.

Plaintiff alleges that Defendant ICC members, R. Lopez, Fisher, White, and Broomfield, egregiously affixed a R-suffix, labeling him a sex offender, and Defendant K. Pacheco labeled Plaintiff a SNY (special needs yard) inmate, both of which were false. (TAC ¶ 42.) Plaintiff alleges these actions were discriminatory, based on Plaintiff's exhibitionism behavior. (TAC ¶ 42.) Neither of these actions states a cognizable ADA or RA claim. Plaintiff fails to allege how being labeled a SNY inmate or receiving a R-suffix resulted in a denial of the prison's services, programs, or activities.

### D. Fifth Amendment

The Fifth Amendment applies to criminal proceedings, and protects an individual from self-incrimination. *United States v. Antelope*, 395 F.3d 1128, 1133 (9th Cir. 2005). Plaintiff contends that the department's policy of requiring inmates to sign the "informed consent for mental health care" and the "exhibitionism pre-treatment group contract" would violate his Fifth Amendment rights, because the CDCR clinicians may incriminate Plaintiff in future prosecution for indecent exposure. (TAC ¶ 45.)

Signing these forms does not appear to violate Plaintiff's Fifth Amendment rights, as Plaintiff is not involved in a criminal proceeding during mental health treatment. Furthermore, this claim is moot, because Plaintiff alleges he never signed these forms. Accordingly, Plaintiff's Fifth Amendment claim is denied.

### E. Supervisory Liability

Plaintiff contends that defendants CDCR and the Director of CDCR have a double cell policy which is executed by its officials arbitrarily in retaliation. Plaintiff contends that allowing CDCR clinicians the right to divulge Plaintiff's information to its employees violates his Eighth Amendment rights. Plaintiff contends that requiring Plaintiff to sign a compatibility form before receiving an inmate is unconstitutional. Plaintiff contends that the ICC's power to place an inmate in the SHU is cruel and unusual punishment, if applied to an individual with mental health issues. (TAC ¶ 49.)

As stated previously, Plaintiff's allegations fail to support a claim that any of the above actions violate his constitutional rights. Insofar as Plaintiff contends respondeat superior liability, Plaintiff fails to state a cognizable claim. *Iqbal*, 129 S. Ct. at 1949. Supervisory defendants are liable only for their own conduct, not that of their subordinates. *Id.*

### F. Government Code Section 11340.5

Plaintiff contends a violation of California Government Code section 11340.5. Plaintiff contends that CDCR's double cell policy and consent forms for mental health care are in violation of the section. (TAC ¶¶ 29, 30.) Section 11340.5 requires agencies to undertake certain actions before it issues or enforces any regulations. Cal. Gov't Code § 113405.(a). Section 11340.5 explicitly places requirements on state agencies, which are immune from suit in federal court under the Eleventh Amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff thus fails to state a claim.

### G. Linkage Requirement

Under § 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Additionally, there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his own misconduct. *Iqbal*, 129 S. Ct. at 1948-49.

1    Plaintiff's third amended complaint names Defendants Adams, Nickless, and Rousseau as
2 Defendants, but fails to link them to any act or omission that demonstrates a deprivation of
3 Plaintiff's constitutional rights. Plaintiff thus fails to state a claim against them.

### IV.  Conclusion And Order

Plaintiff's allegations fail to support any claims against any Defendants. Plaintiff was previously provided with two opportunities to amend his complaint curing the deficiencies identified, but has been unable to do so. Accordingly, the Court will not grant Plaintiff leave to further amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to close this action. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:  **June 15, 2010**                    /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE