1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8 | ROBERT E. COLEMAN, | CASE NO. 1:09-CV-00224-DLB PC

9 |         Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION

10 |    v. | (DOCS. 30, 31, 37)

11 | CDCR, et al.,

12 |         Defendants.

13 | _____/

14

15      Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California

16 Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

17 forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court

18 are Plaintiff's motions for preliminary injunction, filed September 22, 2010, September 29, 2010,

19 and December 6, 2010.  Docs. 30, 31, 37.

20 **I.      September 22, 2010 Motion**

21      "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

22 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

23 balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

24 *Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The purpose of

25 preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending

26 the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d

27 1415, 1422 (9th Cir. 1984).

28      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

1  must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102

2  (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,

3  454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982).  If the court does not have an actual case or

4  controversy before it, it has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.

5  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the

6  parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights

7  of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727

8  (9th Cir. 1985).

9       Plaintiff moves for an injunction against T. Norton, S. Rousseau, and R. Chavez for

10  alleged retaliatory conduct in assessing Plaintiff an indeterminate SHU term.  Doc. 30.  Plaintiff

11  seeks an injunction preventing their alleged retaliatory conduct.  However, Norton, Rousseau,

12  and Chavez are not parties to this action.  Thus, the Court has no jurisdiction to determine the

13  rights of persons not before it.  *Zepeda*, 753 F.2d at 727.  Accordingly, Plaintiff's motion for

14  preliminary injunction, filed September 22, 2010, is DENIED.

15  **II.      September 29, 2010 Motion**

16       Plaintiff moves for an injunction against sergeant Tumacder and correctional officer

17  Medina for alleged retaliatory actions taken against Plaintiff by issuing Plaintiff a Rules

18  Violation Report ("RVR") for refusing to accept assigned housing.  Doc. 31.  Tumacder and

19  Medina are not parties to this action.   As stated previously, the Court has no jurisdiction to

20  determine the rights of persons not before it.  *Zepeda*, 753 F.2d at 727.   Accordingly, Plaintiff's

21  motion for preliminary injunction, filed September 29, 2010, is DENIED.

22  **III.     December 6, 2010 Motion**

23       Plaintiff moves for an injunction against Defendant Diaz and correctional officer

24  Burnizki for punishing Plaintiff for refusing a cell mate.  Plaintiff contends that he did not refuse

25  a cell mate, but merely refused to sign a compatibility form.  Plaintiff contends that his eligibility

26  for parole consideration will be hindered because he had received a ("RVR").  Plaintiff seeks the

27  expungement of the RVR and prohibition of future retaliatory actions.

28       As to Burnizki, the Court has no jurisdiction.  *See Zepeda*, 753 F.2d at 727.  Regarding

1  Defendant Diaz, Plaintiff has failed to demonstrate irreparable harm regarding the RVR that

2  would merit a preliminary injunction.  A preliminary injunction is an extraordinary remedy that

3  should not be granted unless Plaintiff by a clear showing demonstrates that he is entitled to such

4  relief.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam).  The Court makes no

5  determination regarding whether the RVR would affect Plaintiff's parole eligibility, as that is not

6  an issue before the Court.  Plaintiff has failed to demonstrate by a clear showing that the harm is

7  *irreparable*.

8        Accordingly, Plaintiff's motion for preliminary injunction, filed December 6, 2010, is

9  DENIED.

10       IT IS SO ORDERED.

11       **Dated:    March 11, 2011**                   /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3