UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN, | CASE NO. 1:09-CV-00224-DLB PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| v. | |
| CDCR, et al., | (Doc. 57) |
| Defendants. | |

**Order**

**I.      Background**

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants R. Chavez, A. Diaz, M. Lopez, P. Maldonado, T. Norton, and S. Rousseau. On April 6, 2011, Plaintiff filed his fourth amended complaint. Pl.'s Fourth Am. Compl. ("4AC"), Doc. 45. On August 17, 2011, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and pursuant to the unenumerated portion of Rule 12(b) for failure to exhaust administrative remedies. Defs.' Mot. Dismiss, Doc. 57. On September 16, 2011, Plaintiff filed his opposition. Pl.'s Opp'n, Doc. 62. On September 21, 2011, Defendants filed their reply. Defs.' Reply, Doc. 63. The matter is submitted pursuant to Local Rule 230(l).

1

The Court had notified the parties that the Court would screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Defendants decided to not await such screening and filed their motion to dismiss for failure to state a claim. Because screening pursuant to § 1915A and Rule 12(b)(6) relies on equivalent standards for failure to state a claim, the Court will consider the merits of Defendants' motion.

## II.     Plaintiff's Fourth Amended Complaint

Plaintiff was incarcerated at California State Prison-Corcoran ("CSP-Cor") during the events alleged. 4AC ¶ 3. Plaintiff names as Defendants: T. Norton, associate warden of CSP-Cor, S. Rousseau, lieutenant at CSP-Cor, R. Chavez, correctional counselor II at CSP-Cor, A. Diaz, administrative segregation ("ad seg") lieutenant at CSP-Cor, M. Lopez, ad seg second watch sergeant at CSP-Cor, and P. Maldonado, ad seg third watch sergeant at CSP-Cor. *Id.* ¶¶ 4-9.

In January of 2008, Plaintiff was placed and retained in CSP-Cor ad seg. *Id.* ¶ 13. In February 2008, Plaintiff received in the mail a Report and Recommendation to dismiss Plaintiff's action from the Central District of California concerning his case, *Coleman v. Susan L. Hubbard, et al.*, 2:06-cv-07513- SGL-PJW. *Id.* ¶ 14. After receiving the mail, Plaintiff informed Defendants Diaz and Lopez about his February 19, 2008 court deadline and sought to obtain possession of his legal and personal property. *Id.* ¶ 15. Plaintiff was being denied his property due to his refusal to accept a cellmate. *Id.* ¶ 16. However, Plaintiff did not refuse to accept a cell mate, but rather refused to sign a compatibility agreement form. *Id.*

On February 12, 2008, Plaintiff filed an inmate appeal to the warden of CSP-Cor and the CSP appeals coordinator about Defendants Diaz and Lopez. *Id.* ¶ 17. On February 18, 2008, one day before the deadline, Plaintiff was issued his property. *Id.* ¶ 18. Plaintiff was allegedly unable to file an objection within the deadline as result of the denial of his property. *Id.* Plaintiff's case was subsequently dismissed.[1] *Id.*

---

[1]The Court takes judicial notice of *Coleman v. Susan L. Hubbard, et al.*, 2:06-cv-07513-SGL-PJW. Plaintiff's action in *Coleman v. Hubbard* was dismissed September 10, 2008.

2

1  On February 27, 2008, after Plaintiff's grievance was submitted, officer S. Vela
2  "accosted" Plaintiff's cell to discuss a potential cell mate. *Id.* ¶ 19.  Plaintiff informed officer
3  Vela that if Vela felt this cell mate was compatible, he can put him inside the cell, but Plaintiff
4  refused to sign the compatibility form. *Id.*  Plaintiff was refusing a direct order. *Id.*

5  Officer Vela issued a Rules Violation Report ("RVR") for refusing a direct order. *Id.* ¶
6  20.  This RVR was "orchestrated" by Defendants Diaz, Lopez, and Maldonado, who goaded
7  officer Vela into writing it because of Plaintiff's protected conduct to file grievances against
8  Defendants. *Id.*  The RVR was signed by Defendant Maldonado. *Id.*

9  On March 3, 2008, Defendants Diaz and Lopez placed Plaintiff on a thirty days property
10 restriction under the warden's December 2006 double cell housing policy. *Id.* ¶ 21.  Plaintiff was
11 allowed only one pair of boxers, t-shirt, socks, sheet and blanket, and was "eviscerated" from his
12 hygiene products, legal and personal property, prescription sunglasses, and towel. *Id.* ¶ 22.
13 Plaintiff remained on this status for six months. *Id.*

14 In April 2008, Defendants Diaz, Lopez, and Maldonado created a memorandum of "do's
15 and don'ts", distributed to ad seg inmates, informing inmates about specific punishments if the
16 rules were violated. *Id.*  In April 2008, Plaintiff executed a class action appeal, challenging the
17 memo. *Id.* ¶ 24.  Plaintiff gathered roughly twenty-four signatures and mailed the appeal to the
18 appeals coordinator. *Id.*  Plaintiff's grievance was not processed or returned. *Id.*

19 On May 8, 2008, Defendant Maldonado approached Plaintiff's assigned cell and told
20 Plaintiff that he was being moved. *Id.* ¶ 25.  Plaintiff made several attempts to receive a
21 definitive reason from Defendant Maldonado as to why he was being moved. *Id.*  Defendant
22 Maldonado stated that "because I said so."  Plaintiff then requested to speak with a captain. *Id.*
23 Defenadnt Maldonado then threatened Plaintiff with a cell extraction if he refused to move. *Id.*
24 After Plaintiff asked again to speak to a captain, Defendant Maldonado did not return. *Id.*

25 On May 9, 2008, Defendants Diaz and Lopez also approached Plaintiff's cell and
26 threatened him with a cell extraction if he refused to move. *Id.* ¶ 26.  Plaintiff then complied,
27 and was hauled off to a cell where Defendants knew the lights were not working. *Id.*  Plaintiff
28 remained in this cell for two months. *Id.*

On February 20, 2008, the Office of Administrative Law found the CDCR's 2004 indeterminate security housing policy to be invalid. *Id.* ¶ 29. In March 2009, Plaintiff was re-located from ad set to 4A Security Housing Unit ("SHU"). *Id.* ¶ 30. In December 2009, CPS-ICC representatives, Defendants Norton, Rousseau, and Chavez, requested that Plaintiff be assessed with an indeterminate SHU. *Id.* ¶ 31. On May 19, 2010, W. S. Nickel's recommended that Plaintiff be released from SHU and transferred to an appropriate 180 design general population because of Plaintiff's positive SHU program and minimum disciplinary history. *Id.* ¶ 33. On May 21, 2010, CSP ICC representatives assessed Plaintiff a six month SHU term for delaying a peace officer. *Id.* ¶ 34. Plaintiff also had a pending RVR dated May 13, 2010 for refusing to accept assigned housing, and if found guilty would receive a later Minimum Early Release Date ("MERD"). *Id.* Plaintiff never received this second RVR. *Id.*

On August 16, 2010, CSP-Cor ICC representatives assessed a consecutive SHU term related to the November 24, 2009 RVR, where he had already served his sentence. *Id.* ¶ 35. Plaintiff had been assessed an indeterminate SHU term based on falsified documents regarding Plaintiff's violent disciplinary history. *Id.* ¶ 36. The ICC representatives were aware that Plaintiff had only one mutual combat incident, and an alleged assault infraction over Plaintiff's twenty years of incarceration. *Id.* ¶ 37. Plaintiff alleges that he was retaliated against for filing additional grievances. *Id.* ¶ 38.

Plaintiff contends a denial of access to the courts, retaliation in violation of the First Amendment, and violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff requests as relief monetary damages.

**III.   Analysis**

    **A.   Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

4

favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**B.**     **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

**1.**     **Warden Appeal**

Defendants contend that Plaintiff failed to state a claim for retaliation against Defendants Lopez, Diaz, and Maldonado because of the warden appeal.  Defs.' Mem. P. & A. 5:17-28. Defendants contend that alleging the orchestration of a RVR without more does not demonstrate that Defendants Lopez, Diaz, and Maldonado took adverse action because of Plaintiff's protected conduct.  *Id.*  Defendants further contend that Plaintiff has not alleged that the RVR did not advance a legitimate penological goal.  *Id.*  Plaintiff contends that his allegations regarding the appeal to the warden mirror his allegations in the third amended complaint, which this Court

found cognizable. Pl.'s Opp'n 10.

As all parties were made aware, an amended complaint supersedes the prior complaint. *See* L. R. 220. Thus, when the Court screens the operative pleading pursuant to 28 U.S.C. § 1915A, or pursuant to a motion to dismiss for failure to state a claim, the Court reviews the operative pleading anew. Having examined Plaintiff's pleadings in his fourth amended complaint, Plaintiff fails to state a claim regarding retaliation as to Plaintiff's inmate grievance to the warden. Plaintiff does not allege facts which demonstrate that the RVR was not in furtherance of a legitimate penological goal. Plaintiff concedes that he did not obey a direct order by a peace officer. Compliance with lawful orders by peace officers reasonably advances legitimate penological interests because it furthers institutional security. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) . Accordingly, Plaintiff fails to state a retaliation claim against Defendants Lopez, Diaz, and Maldonado for his filing an inmate grievance to the warden.

### 2. Group Appeal

Defendants contend that Plaintiff fails to state a claim as to retaliation for the group appeal. Defs.' Mem. P. & A. 6:3-16. Defendants contend that Plaintiff has failed allege facts which demonstrate that Defendants Lopez, Diaz, and Maldonado intended to use the faulty lighting as an adverse action to chill Plaintiff's First Amendment rights. *Id.* Plaintiff again contends that his allegations regarding the group grievance mirror his allegations in the third amended complaint, which this Court found cognizable. Pl.'s Opp'n 10.

The Court finds that Plaintiff states a retaliation claim regarding the group grievance. Plaintiff alleges that Defendants ordered Plaintiff to move to a different cell, and threatened a cell extraction if Plaintiff did not comply. 4AC ¶¶ 25-26. The only reason given for such a move was because Defendant Maldonado said so. *Id.* ¶ 25. The new cell had lights that were not working, and Plaintiff remained in this cell for two months. *Id.* ¶ 26. Plaintiff alleges that Defendants took adverse action against Plaintiff because he had filed inmate grievances. *Id.* ¶ 45. Plaintiff has stated a cognizable retaliation claim against Defendants Lopez, Diaz, and Maldonado regarding Plaintiff's filing of the group appeal.

### 3. SHU Placement

Defendants contend that Plaintiff failed to allege any facts that Defendants Rousseau, Norton, and Chavez were aware of prior inmate grievances, nor did Plaintiff allege facts indicating that they extended his SHU term because of Plaintiff filing inmate grievances. Defs.' Mem. P. & A. 6:19-28.[2] Plaintiff contends that Defendants Rousseau, Norton, and Chavez kept Plaintiff in the Facility SHU in retaliation for Plaintiff filing his ADA grievance and civil complaint against CSP-Cor ICC representatives. Pl.'s Opp'n 11-12. In the fourth amended complaint, Plaintiff alleges that Defendants Rousseau, Norton, and Chavez retaliated against Plaintiff by extending his SHU term because he filed inmate grievances and civil rights litigation against them and other CSP-Cor officials. 4AC ¶¶ 36-38, 45. This is sufficient to state a retaliation claim against Defendants Rousseau, Norton, and Chavez.

### C. Access To The Courts

Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002). For access to the courts claims, the plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id.* at 413-14.

The first element requires that the plaintiff show he suffered an "actual injury" by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. The second element requires that the plaintiff show the defendant proximately caused the alleged violation of

---

[2] Defendants further contend that they had a legitimate penological interest in extending Plaintiff's SHU term, citing to documents in Plaintiff's motion to amend. Pl.'s Mot. 9, Doc. 30. Such citation relies on documents outside the pleadings, however, and will not be considered in a motion to dismiss for failure to state a claim. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

7

1  plaintiff's rights, the touchstone of which is foreseeability. *Crumpton v. Gates*, 947 F.2d 1418,
2  1420 (9th Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres.*
3  *Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally,
4  the third element requires that the plaintiff show he has no other remedy than the relief available
5  via *this* suit for denial of access to the courts. *Harbury*, 536 U.S. at 415. The complaint should
6  state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a). *Id.* at 417-
7  18.

8  Defendants contend that Plaintiff fails to allege an access to the courts claim. Defs.'
9  Mem. P. & A. 7:27-8:4. Defendants contend that Plaintiff alleges only that Defendants
10 Maldonado, Lopez, and Diaz enforced CDCR regulations for property restrictions. *Id.* Plaintiff
11 does not address the merits of Defendants' arguments.

12 The Court finds that Plaintiff has failed to state a claim for denial of access to the courts.
13 Plaintiff has failed to allege an actual injury of being shut out of court. Plaintiff alleges in his
14 fourth amended complaint that he did not have sufficient time to file his objections to the Report
15 and Recommendation in *Coleman v. Hubbard*. Plaintiff could have filed a motion for extension
16 of time to file objections, but did not do so. Plaintiff has not alleged that he was prevented by
17 Defendants or any prison officials from mailing such a motion to the court  A review of the
18 docket in that action indicates that judgment was not entered until September 10, 2008, more
19 than eight months after the objections deadline. Plaintiff has also failed to allege that his claims
20 in *Coleman v. Hubbard* were meritorious. The Report and Recommendation in *Coleman v.*
21 *Hubbard* indicates that Plaintiff had failed to exhaust administrative remedies as to his claims.
22 Accordingly, Plaintiff has failed to allege a denial of access to the courts.

23       **D.**     **Due Process**

24 Defendants contend that Plaintiff has failed to allege facts which demonstrate that a due
25 process violation occurred because Plaintiff's SHU term was extended. Defs.' Mem. P. & A.
26 8:6-22. Defendants contend that they did not deprive Plaintiff of a liberty interest. *Id.* Plaintiff
27 contends that mandatory language of the regulations demonstrates a due process violation. Pl.'s
28 Opp'n 14-16.

Plaintiff's legal standard is incorrect.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  *Id.*  Liberty interests may arise from the Due Process Clause itself or from state law.  *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983), *abrogated in part by Sandin v. Conner*, 515 U.S. 472 (1995).  The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation.  *See id.*  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  *Sandin*, 515 U.S. at 481-84.  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.

Here, Plaintiff has not alleged an atypical and significant hardship regarding his continued SHU placement.  Plaintiff alleges that his cell lights are on for sixteen hours, personal items are limited in comparison to general population inmates, showers are limited to three times per week, yard time is limited to three times per week, and he is housed with more mentally ill inmates.  Plaintiff has not sufficiently demonstrated how being housed in SHU is an atypical and significant hardship in comparison to the general population.  *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (examining three factors, including 1) whether conditions imposed mirror those imposed upon inmates in administrative segregation, and thus comported with prison's discretionary authority, 2) duration of condition, and degree of restraint imposed, and 3) whether state's action will affect duration of prisoner's sentence) (citing *Sandin*, 515 U.S. at 486-87).  Plaintiff's allegations in his fourth amended complaint do not amount to an atypical and significant hardship, as Plaintiff has not compared the conditions in the SHU to the conditions in general population such that it would be an atypical and significant hardship.

///

///

### E. Failure To Exhaust Administrative Remedies

Defendants also contend that Plaintiff failed to exhaust administrative remedies as to his claims against Defendants Rousseau, Chavez, and Norton. Defs.' Mem. P. & A. 8:25-9:26. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir.

2005) ("[E]ntirely pointless exhaustion" not required).

Defendants contend that Plaintiff failed to plead that he exhausted administrative remedies. Defs.' Mem. P. & A. 8:25-9:26. As stated previously, the failure to exhaust administrative remedies is an affirmative defense under which Defendants have the burden of raising and proving. *Jones*, 549 U.S. at 216. Defendants did not do so.[3] Defendants have failed to meet their burden of demonstrating that Plaintiff did not exhaust administrative remedies as to his claims against Defendants Rousseau, Chavez, and Norton.

### F. Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 813 (2009) ("*Saucier* procedure should not be regarded as an inflexible requirement").

The other inquiry is whether the right was clearly established. *Saucier*, 533 U.S. at 201. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Id.* "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (citation omitted). In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."

---

[3] In their reply, Defendants submit a declaration from D. Foston, Chief of the Office of Appeals for the CDCR. Defs.' Reply, Foston Decl. New facts and legal arguments raised for the first time on reply are not generally considered. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-95 (1990) (finding court has discretion to disregard late-filed factual matters). The Court declines to consider Defendants' newly raised arguments here.

*Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Taken in the light most favorable to Plaintiff, Defendants are not entitled to qualified immunity with regards to 1) Defendants Lopez, Diaz, and Maldonado's alleged retaliation for Plaintiff filing the group appeal and 2) Defendants Rousseau, Norton, and Chavez's alleged retaliation against Plaintiff by extending his SHU placement. As alleged, Defendants' conduct violated Plaintiff's First Amendment right to petition the government for redress. The right to not be retaliated against for filing inmate grievances and complaints were clearly established at the time that the alleged violation occurred. *See, e.g.*, *Pratt v. Rowland*, 65 F.3d 802, 806 n.4 (9th Cir. 1994).

### G. **Leave To Amend**

Leave to amend should be granted as justice so requires. Fed. R. Civ. P. 15(a). The Court finds that Plaintiff may be able to cure the deficiencies identified in this order. Thus, leave to amend will be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Once Plaintiff has filed and served the fifth amended complaint, the Court will screen Plaintiff's fifth amended complaint pursuant to 28 U.S.C. § 1915A before ordering Defendants to respond. Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

The Court will grant Plaintiff thirty (30) days from the date of service of this order in which to either file a fifth amended complaint or notify the Court of his willingness to proceed

only on the claims found to be cognizable in the fourth amended complaint.  Because Plaintiff has been provided several opportunities to amend, the Court is disinclined to grant any further amendment to the pleadings.

### IV.     Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss, filed August 17, 2011, is GRANTED in part and DENIED in part;
2. Defendants' motion is granted as to Plaintiff's retaliation claim regarding the appeal to the warden, the access to the courts claim, and the due process claim;
3. Defendants' motion is denied as to Plaintiff's retaliation claim regarding the group appeal and the extended SHU placement;
4. Defendants' motion is denied without prejudice as to exhaustion of administrative remedies;
5. Plaintiff is granted thirty (30) days from the date of service of this order in which to either:
   a. File a fifth amended complaint curing the deficiencies identified herein, or
   b. Notify the Court of his willingness to proceed only on the claims found to be cognizable in the fourth amended complaint; and
6. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:    **November 29, 2011**                    **/s/ Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE