# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN, | CASE NO. 1:09-CV-00224-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF (DOCS. 44, 56) |
| v. | |
| CDCR, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DOC. 65) |
| Defendants. | |

**I.   Background**

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Defendants R. Chavez, A. Diaz, M. Lopez, P. Maldonado, T. Norton, and S. Rousseau have appeared in this action. Pending before the Court are: 1) Plaintiff's motion for preliminary injunction, filed April 6, 2011, 2) Plaintiff's motion for preliminary injunction, filed August 17, 2011, and 3) a motion for sanctions, filed November 2, 2011.  Docs. 44, 56, 65.  Defendants filed an opposition to the latter two motions.  Docs. 59, 66.  The matter is submitted pursuant to Local Rule 230(l).

**II.   Motion For Preliminary Injunction (Doc. 44)**

Plaintiff moved for a preliminary injunction at Corcoran State Prison for: 1) Defenadnts to cease from retaliation, 2) discontinue inmate assignment housing policy, 3) order Plaintiff's release from administrative segregation or a move to a different administrative segregation, 4) and order the law librarian to allow Plaintiff obtain legal books and assistance from the law librarian.  Doc. 44.

1       "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  A preliminary injunction becomes moot if a prisoner is transferred.  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (citing *Johnson v. Moore*, 948 F.2d 517, 510 (9th Cir. 1991) (per curiam)).  Plaintiff is no longer incarcerated at Corcoran State Prison, as he has since been transferred to California State Prison at Sacramento.  Accordingly, Plaintiff's motion for preliminary injunction, filed April 6, 2011, is denied.

## II.  Motion For Preliminary Injunction (Doc. 56)

      Plaintiff moves for: 1) declaratory relief that Plaintiff's First Amendment rights were violated and false evidence and abuse of authority occurred against Plaintiff; and 2) the false documents be expunged from his central file.  Doc. 56.  Defendants contend that declaratory judgment should not be granted, and that Plaintiff has failed to demonstrate irreparable harm and likelihood of success on the merits.

      As to Plaintiff's request for declaratory relief, Plaintiff's request is denied.  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (per curiam).  This action is currently pending before the Court.  Defendants have not yet had the opportunity to defend in this action.  There is no useful purpose to granting declaratory relief at this time.

      As to Plaintiff's request for preliminary injunction, Plaintiff's request is denied.  Plaintiff has failed to demonstrate irreparable harm regarding allegedly false documents in his central file. "To support injunctive relief, harm must not only be irreparable, it must be imminent . . . ' a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.'" *Amylin Pharms., Inc. v. Eli Lilly & Co.*, 2011 U.S. App. LEXIS 22108, *7 (9th Cir. Oct. 31, 2011) (quoting *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.

1988)).  Plaintiff reiterates his claims, but fails to demonstrate irreparable harm.  Accordingly, Plaintiff's motion for preliminary injunction, filed August 17, 2011, is denied.

### III. Motion For Sanctions (Doc. 65)

Plaintiff moves for sanctions regarding Defendants' motion to dismiss.  Plaintiff contends that Defendants acted in bad faith by sending the motion, and their opposition to Plaintiff's motion for injunctive relief, to Plaintiff's former address at Corcoran State Prison, rather than his current address at Sacramento State Prison.  Doc. 65.  Defendants contend that it was error on the part of newly-hired staff.  Doc. 66.  Defendants contend the mistakes were unintentional, and Plaintiff was not prejudiced, because the documents were properly mailed on November 7, 2011.  Defendants include a declaration from the staff member.

The imposition of sanctions appears unnecessary, as Plaintiff was not prejudiced in this action, and there is no evidence that Defendants acted in bad faith.  Accordingly, Plaintiff's motion, filed November 7, 2011, is denied.

IT IS SO ORDERED.

Dated: **December 8, 2011**         /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE