1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| ROBERT E. COLEMAN, | CASE NO. 1:09-CV-00224-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| CDCR, et al., | ORDER REQUIRING DEFENDANTS TO ANSWER PLAINTIFF'S FOURTH AMENDED COMPLAINT WITHIN TWENTY DAYS |
| Defendants. | |

9
10
11
12
13
14

_____/

15

16      Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California

17  Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in

18  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding

19  against Defendants R. Chavez, A. Diaz, M. Lopez, P. Maldonado, T. Norton, and S. Rousseau.

20  On April 6, 2011, Plaintiff filed his fourth amended complaint. Pl.'s Fourth Am. Compl.

21  ("4AC"), Doc. 45. On August 17, 2011, Defendants filed a motion to dismiss pursuant to Rule

22  12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and pursuant to the

23  unenumerated portion of Rule 12(b) for failure to exhaust administrative remedies. Defs.' Mot.

24  Dismiss, Doc. 57. On November 30, 2011, the Court granted in part and denied in part

25  Defendant's motion. Doc. 68. Pending before the Court is Plaintiff's motion for reconsideration,

26  filed December 14, 2011. The matter is submitted pursuant to Local Rule 230(l). Because

27  Plaintiff's motion seeks reconsideration of an order and not judgment, it is a motion pursuant to

28  Federal Rule of Civil Procedure 60(b).

1

1    Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court.

2   The Rule permits a district court to relieve a party from a final order or judgment on grounds of:

3   "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party,

4   . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  The motion for

5   reconsideration must be made within a reasonable time.  *Id.*

6    Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest

7   injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v.*

8   *Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted).  The

9   moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.*

10   (internal quotation marks and citation omitted).  Local Rule 230(j) requires Plaintiff to show

11   "what new or different facts or circumstances are claimed to exist which did not exist or were not

12   shown upon such prior motion, or what other grounds exist for the motion."

13    "A motion for reconsideration should not be granted, absent highly unusual

14   circumstances, unless the district court is presented with newly discovered evidence, committed

15   clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

16   raise arguments or present evidence for the first time when they could reasonably have been

17   raised earlier in the litigation."  *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

18   F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in

19   original).

20    Plaintiff has notified the Court that he is willing to proceed on the cognizable claims

21   found in the Court's November 30, 2011 Order.  Mot. Reconsider 2.  Plaintiff seeks

22   reconsideration of the Court's order which granted Defendants' motion to dismiss as to

23   Plaintiff's claims against Defendants Maldonado, Diaz, and Lopez for retaliation against Plaintiff

24   for filing an appeal to the warden.  *Id.* at 2.  Plaintiff contends that the Court dismissed the claim

25   only as to the alleged adverse action of a Rules Violation Report for Plaintiff's failure to obey a

26   direct order.  *Id.*  Plaintiff contends that Defendants Maldonado, Diaz, and Lopez also placed

27   Plaintiff on a property restriction and confiscation of all state and personal property for six

28   months, when the punishment should have been property restriction for thirty days, and loss of

2

1    television privileges for thirty days. *Id.*

2      The Court finds that Plaintiff has not presented grounds for reconsideration.  Plaintiff's

3    pleadings failed to link Maldonado, Diaz, and Lopez to retaliation for Plaintiff's warden's appeal

4    by putting Plaintiff on property restriction and confiscation of state and personal items for six

5    months. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).   Plaintiff alleged only that he was

6    assessed property restriction and loss of television privileges for thirty days by Defendants Diaz

7    and Lopez for refusing to obey a direct order.  Though Plaintiff alleges that he received a six-

8    month property restriction and confiscation of all state and personal property, he does not link

9    Defendants Maldonado, Diaz, and Lopez to this alleged adverse action.[1]

10     Defendants have yet to file an answer to Plaintiff's fourth amended complaint and will be

11   so ordered.

12     Accordingly, it is HEREBY ORDERED that:

13     1.  Plaintiff's motion for reconsideration, filed December 14, 2011, is denied; and

14     2.  Defendants are to serve and file an answer to Plaintiff's fourth amended complaint

15       within twenty (20) days from the date of service of this order.

16    IT IS SO ORDERED.

17   **Dated:   January 13, 2012**    _____ **/s/ Dennis L. Beck** _____

18             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

----

25     [1]  There is also an issue as to whether this constitutes adverse action for purposes of

26   retaliation.  Even if the punishment for disobeying a direct order included property restriction for
     six months rather than thirty days, there was still a legitimate penological reason for the action

27   taken against Plaintiff. *Rhodes v. Robinson*, 408 F.3d 559, 567- 68 (9th Cir. 2005).  Plaintiff
     concedes that he disobeyed a direct order, and thus the Rules Violation served a legitimate

28   penological purpose.