# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00224-DLB PC<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE (DOC. 81)<br><br>ORDER GRANTING DEFENDANTS R. CHAVEZ, T. NORTON, AND S. ROUSSEAU'S MOTION TO DISMISS (DOC. 77) |

## I.　Background

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Fourth Amended Complaint against Defendants R. Chavez, A. Diaz, M. Lopez, P. Maldonado, T. Norton, and S. Rousseau for retaliation in violation of the First Amendment. Pending before the Court is Defendants' motion to dismiss, filed April 2, 2012, pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust administrative remedies as to Defendants Rousseau, Chavez, and Norton. Defs.' Mot. Dismiss, Doc. 77. Plaintiff filed an opposition on April 23, 2012. Docs. 80, 81, 82.[1] On April 30, 2012, Defendants filed their reply. Doc. 83. The matter is submitted pursuant to

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on July 21, 2010. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); *see* Second Informational Order, Doc. 29.

1

Local Rule 230(l).

## II.     Summary Of Fourth Amended Complaint

In January of 2008, Plaintiff was placed and retained in CSP-Cor ad seg. Fourth Am. Compl. ¶ 13. In April 2008, Defendants Diaz, Lopez, and Maldonado created a memorandum of "do's and don'ts", distributed to ad seg inmates, informing inmates about specific punishments if the rules were violated. *Id.* In April 2008, Plaintiff executed a class action appeal, challenging the memo. *Id.* ¶ 24. Plaintiff gathered roughly twenty-four signatures and mailed the appeal to the appeals coordinator. *Id.* Plaintiff's grievance was not processed or returned. *Id.*

On May 8, 2008, Defendant Maldonado approached Plaintiff's assigned cell and told Plaintiff that he was being moved. *Id.* ¶ 25. Plaintiff made several attempts to receive a definitive reason from Defendant Maldonado as to why he was being moved. *Id.* Defendant Maldonado stated that "because I said so." Plaintiff then requested to speak with a captain. *Id.* Defenadnt Maldonado then threatened Plaintiff with a cell extraction if he refused to move. *Id.* After Plaintiff asked again to speak to a captain, Defendant Maldonado did not return. *Id.*

On May 9, 2008, Defendants Diaz and Lopez also approached Plaintiff's cell and threatened him with a cell extraction if he refused to move. *Id.* ¶ 26. Plaintiff then complied, and was hauled off to a cell where Defendants knew the lights were not working. Id. Plaintiff remained in this cell for two months. *Id.*

In March 2009, Plaintiff was relocated from ad seg to 4A Security Housing Unit ("SHU"). *Id.* ¶ 30. In December 2009, CSP ICC representatives, Defendants Norton, Rousseau, and Chavez, requested that Plaintiff be assessed with an indeterminate SHU. *Id.* ¶ 31. On May 19, 2010, W. S. Nickel's recommended that Plaintiff be released from SHU and transferred to an appropriate 180 design general population because of Plaintiff's positive SHU program and minimum disciplinary history. *Id.* ¶ 33. On May 21, 2010, CSP ICC representatives assessed Plaintiff a six month SHU term for delaying a peace officer. *Id.* ¶ 34. Plaintiff also had a pending RVR dated May 13, 2010 for refusing to accept assigned housing, and if found guilty would receive a later Minimum Early Release Date ("MERD"). *Id.* Plaintiff never received this second RVR. *Id.*

On August 16, 2010, CSP-Cor ICC representatives assessed a consecutive SHU term related to the November 24, 2009 RVR, where he had already served his sentence. *Id.* ¶ 35. Plaintiff had been assessed an indeterminate SHU term based on falsified documents regarding Plaintiff's violent disciplinary history. *Id.* ¶ 36. The ICC representatives were aware that Plaintiff had only one mutual combat incident, and an alleged assault infraction over Plaintiff's twenty years of incarceration. *Id.* ¶ 37.  Plaintiff alleges that he was retaliated against for filing additional grievances. *Id.* ¶ 38.

### III.   Exhaustion Of Administrative Remedies

#### A.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119.  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

3

### B.     Discussion

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). At the time of the events in question, the process was initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendants contend that with regards to Defendants Norton, Rousseau, and Chavez, Plaintiff failed to exhaust administrative remedies. Defendants cite to Plaintiff's Fourth Amended Complaint, in which Plaintiff admits to not having exhausted administrative remedies as to the ICC Defendants. Defs.' Mem. P. & A. 3:11-12 (citing 4th Am. Compl. ¶ 38). Defendants also submit a declaration from the Chief of the Office of Inmate Appeals, D. Foston, who attests that Plaintiff never exhausted the appeals process for a claim related to the ICC Representatives' determination that Plaintiff should remain in the SHU. Foston Decl. ¶ 7, Doc. 78.[2] Defendants have sufficiently met their initial burden, shifting the burden to Plaintiff to

---

[2] Defendants request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 as to Plaintiff's entire inmate appeals history at CDCR. Judicial notice is not typically used for this purpose. The Court will consider documentary evidence without having to take judicial notice of such

1  demonstrate that he exhausted all available administrative remedies.

2        Plaintiff cites to an inmate grievance filed on April 4, 2008, in which he attempted to alert
3  prison officials of invalid policies regarding SHU. Pl.'s Opp'n 3:1-15, Doc. 80. That grievance,
4  however, is unpersuasive of exhaustion. The grievance was filed on April 4, 2008, prior to any
5  of the alleged misconduct by ICC Defendants. Plaintiff had alleged that the ICC Defendants
6  improperly extended his SHU term, beginning on December 2009. Plaintiff thus cannot rely on
7  an April 4, 2008 grievance to demonstrate exhaustion of his claims against the ICC Defendants.
8  It appears that Plaintiff was attempting to add additional issues onto his ADA grievance to the
9  second level of review, which is not in compliance with CDCR's grievance process. Cal. Code
10 Regs. tit. 15, § 3084.6(c) (appeals must be submitted within fifteen working days of the event
11 being appealed).

12       Plaintiff further contends that he attempted to file grievances but either received no
13 response or the grievance was erroneously screened out. Pl.'s Decl. ¶¶ 2-4, Doc. 81. Plaintiff
14 provides no documentary evidence in support of this contention. Regarding the May 2010 SHU
15 term, Plaintiff declares that he was compelled to be admitted into the facility's crisis unit for
16 suicidal purposes. Pl.'s Decl. ¶ 2. Plaintiff declares that once he was discharged, he filed a
17 grievance, but received no response. *Id.* However, Plaintiff does not present sufficient evidence
18 to demonstrate that he attempted to file a grievance in compliance with CDCR regulations
19 concerning the ICC's actions, or that the grievance sufficiently put prison officials on notice.
20 *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (grievance is insufficient unless it
21 provides enough factual specificity to alert prison officials of the "nature of the wrong for which
22 redress is sought").

23       Plaintiff declares that in August 2010, Plaintiff made another attempt to grieve a false

---

documents.
      Plaintiff moves for judicial notice by the Office of Administrative Law 2008 Determination regarding a CDCR memorandum entitled "Indeterminate Security Housing Unit Status For Disruptive Inmates." Doc. 81. Plaintiff moves for notice that the memorandum was found to be invalid. While the Court may take judicial notice of this document, it does not affect the analysis of Defendants' motion to dismiss, and is HEREBY ORDERED disregarded.

5

statement that he has a violent disciplinary history, but "with no avail." Pl.'s Decl. ¶ 3. Again, Plaintiff does not present sufficient evidence to demonstrate that he attempted to file a grievance in compliance with CDCR regulations concerning the ICC's actions, or that the grievance sufficiently put prison officials on notice.[3]

Defendants have met their burden concerning the affirmative defense of Plaintiff's failure to exhaust administrative remedies for his claims against the ICC Defendants. Plaintiff has failed to dispute the motion. The proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1120.[4]

## IV.  Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants Rousseau, Chavez, and Norton's motion to dismiss, filed April 2, 2012, is granted;

2. Plaintiff's claims against Defendants Rousseau, Chavez, and Norton are dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and

3. Defendants Rousseau, Chavez, and Norton are dismissed from this action.

IT IS SO ORDERED.

Dated:   June 19, 2012                    /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff includes additional information in his declaration that is irrelevant to this motion. Plaintiff declares that in September 2009, Plaintiff tried to file grievances against ICC Defendants regarding an R suffix. Pl.'s Decl. ¶ 4. That was not a cognizable claim in Plaintiff's Fourth Amended Complaint. Plaintiff also declares that in October 2010, he filed a grievance regarding being placed in a holding cage for one night. Again, that was not a cognizable claim.

[4] Defendants request dismissal of Plaintiff's claims against the ICC with prejudice, contending that Plaintiff will never be able to demonstrate exhaustion of administrative remedies. The Court declines to reach this result.