1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8   ROBERT E. COLEMAN,                          CASE NO. 1:09-cv-00224-DLB PC

9                    Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                                TO SUPPLEMENT COMPLAINT
10        v.
                                                (DOC. 74)
11   CDCR, et al.,
                                                ORDER GRANTING PLAINTIFF LEAVE TO
12                   Defendants.                FILE FIFTH AMENDED COMPLAINT
                                                WITHIN THIRTY DAYS
13   _____/

14

15        Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California

16   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

17   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

18   against Defendants A. Diaz, M. Lopez, and P. Maldonado for retaliation in violation of the First

19   Amendment.[1]

20        On April 6, 2011, Plaintiff filed his fourth amended complaint. Pl.'s Fourth Am. Compl.

21   ("4AC"), Doc. 45.  On August 23, 2011, Defendants filed a motion to dismiss.  Doc. 57.  On

22   November 30, 2011, the Court granted in part and denied in part Defendants' motion, and

23   dismissed certain claims.  Doc. 68.  Plaintiff was granted leave to either file a fifth amended

24   complaint, or notify the Court of his willingness to proceed only on the cognizable claims.

25        On December 14, 2011 Plaintiff notified the Court of his willingness to proceed only on

26   the cognizable claims, but also moved for reconsideration of the Court's dismissal of one claim:

27   _____

28   [1] By separate order, the Court dismissed Defendants R. Chavez, T. Norton, and S. Rousseau
     from this action without prejudice for Plaintiff's failure to exhaust administrative remedies.  Doc. 88.

1

1  Plaintiff's allegation of retaliation against Defendants Lopez, Maldonado, and Diaz for placing

2  Plaintiff on property restriction and confiscation of all state and personal property for six months

3  because he had filed an appeal to the warden.

4          On January 13, 2012, the Court denied Plaintiff's motion for reconsideration, finding that

5  Plaintiff had failed to link Defendant Lopez, Maldonado, or Diaz to an alleged adverse action, or

6  to allege facts which indicate that the action failed to further a legitimate penological goal.  Doc.

7  71.

8          Pending before the Court is Plaintiff's motion to supplement his complaint, filed

9  February 8, 2012.  Doc. 64.  On February 17, 2012, Defendants filed a conditional non-

10  opposition to Plaintiff's motion.  On March 7, 2012, Plaintiff filed his reply.  The matter is

11  submitted pursuant to Local Rule 230(l).

12          Plaintiff moves to supplement his complaint pursuant to Rule 15(d) of the Federal Rules

13  of Civil Procedure, by alleging "new facts" regarding the six-month property restriction.  Pl.'s

14  Mot. 5-9. Plaintiff, however, is not alleging new facts, but instead attempting to amend his

15  complaint.  Defendants oppose Plaintiff's attempt to supplement his pleadings, but do not oppose

16  Plaintiff amending his pleadings pursuant to Rule 15(a), so long as the Court will screen the Fifth

17  Amended Complaint pursuant to 28 U.S.C. § 1915A prior to requiring Defendants to respond.

18          Plaintiff's motion to supplement his pleadings is denied.  Pursuant to Rule 15(d), "[o]n

19  motion and reasonable notice, the court may, on just terms, permit a party to serve a

20  supplemental pleading setting out any transaction, occurrence, or event that happened after the

21  date of the pleading to be supplemented."  Plaintiff is not attempting to plead facts that occurred

22  after the pleadings in the fourth amended complaint, but is attempting to amend his pleadings.

23  Thus, Rule 15(d) is inapplicable.

24          In the interest of justice, Plaintiff will be provided one final opportunity to file a Fifth

25  Amended Complaint, pursuant to Rule 15(a), and will be permitted to amend his pleadings with

26  regards to Defendants Diaz, Lopez, and Maldonado.  Under Local Rule 220, "every pleading to

27  which an amendment or supplement is permitted as a matter of right or has been allowed by court

28  order shall be retyped and filed so that it is complete in itself without reference to the prior or

1  superseded pleading."  If Plaintiff decides to amend, Plaintiff's amended complaint should be

2  brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the

3  deprivation of Plaintiff's constitutional or other federal rights.  Detailed factual allegations are

4  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

6  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

7  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

8  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

9  Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v.*

10  *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

11  1987).  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are

12  not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v.*

13  *Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474. [2]

14         Accordingly, it is HEREBY ORDERED that:

15     1.      Plaintiff's motion to supplement his complaint, filed February 8, 2012, is denied;

16     2.      Plaintiff is granted leave to serve and file a Fifth Amended Complaint as stated

17             herein within thirty (30) days from the date of service of this order; and

18     3.      The Fifth Amended Complaint will be screened pursuant to 28 U.S.C. § 1915A(a)

19             prior to requiring Defendants to respond.

20     IT IS SO ORDERED.

21     **Dated:    June 20, 2012**              _____/s/ **Dennis L. Beck**_____
                                                UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

_____

27         [2] Additionally, Plaintiff will not be permitted to plead claims against Defendants Rousseau,
   Chavez, and Norton regarding the extension of Plaintiff's SHU term.  That claim was dismissed for
28  failure to exhaust administrative remedies.