# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:09-cv-00224-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT<br><br>(DOC. 74)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE FIFTH AMENDED COMPLAINT WITHIN THIRTY DAYS |

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants A. Diaz, M. Lopez, and P. Maldonado for retaliation in violation of the First Amendment.[1]

On April 6, 2011, Plaintiff filed his fourth amended complaint. Pl.'s Fourth Am. Compl. ("4AC"), Doc. 45. On August 23, 2011, Defendants filed a motion to dismiss. Doc. 57. On November 30, 2011, the Court granted in part and denied in part Defendants' motion, and dismissed certain claims. Doc. 68. Plaintiff was granted leave to either file a fifth amended complaint, or notify the Court of his willingness to proceed only on the cognizable claims.

On December 14, 2011 Plaintiff notified the Court of his willingness to proceed only on the cognizable claims, but also moved for reconsideration of the Court's dismissal of one claim:

---

[1] By separate order, the Court dismissed Defendants R. Chavez, T. Norton, and S. Rousseau from this action without prejudice for Plaintiff's failure to exhaust administrative remedies. Doc. 88.

Plaintiff's allegation of retaliation against Defendants Lopez, Maldonado, and Diaz for placing Plaintiff on property restriction and confiscation of all state and personal property for six months because he had filed an appeal to the warden.

On January 13, 2012, the Court denied Plaintiff's motion for reconsideration, finding that Plaintiff had failed to link Defendant Lopez, Maldonado, or Diaz to an alleged adverse action, or to allege facts which indicate that the action failed to further a legitimate penological goal. Doc. 71.

Pending before the Court is Plaintiff's motion to supplement his complaint, filed February 8, 2012. Doc. 64. On February 17, 2012, Defendants filed a conditional non-opposition to Plaintiff's motion. On March 7, 2012, Plaintiff filed his reply. The matter is submitted pursuant to Local Rule 230(l).

Plaintiff moves to supplement his complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, by alleging "new facts" regarding the six-month property restriction. Pl.'s Mot. 5-9. Plaintiff, however, is not alleging new facts, but instead attempting to amend his complaint. Defendants oppose Plaintiff's attempt to supplement his pleadings, but do not oppose Plaintiff amending his pleadings pursuant to Rule 15(a), so long as the Court will screen the Fifth Amended Complaint pursuant to 28 U.S.C. § 1915A prior to requiring Defendants to respond.

Plaintiff's motion to supplement his pleadings is denied. Pursuant to Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff is not attempting to plead facts that occurred after the pleadings in the fourth amended complaint, but is attempting to amend his pleadings. Thus, Rule 15(d) is inapplicable.

In the interest of justice, Plaintiff will be provided one final opportunity to file a Fifth Amended Complaint, pursuant to Rule 15(a), and will be permitted to amend his pleadings with regards to Defendants Diaz, Lopez, and Maldonado. Under Local Rule 220, "every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or

2

superseded pleading." If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474. [2]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to supplement his complaint, filed February 8, 2012, is denied;
2. Plaintiff is granted leave to serve and file a Fifth Amended Complaint as stated herein within thirty (30) days from the date of service of this order; and
3. The Fifth Amended Complaint will be screened pursuant to 28 U.S.C. § 1915A(a) prior to requiring Defendants to respond.

IT IS SO ORDERED.

  Dated:   **June 20, 2012**            /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, Plaintiff will not be permitted to plead claims against Defendants Rousseau, Chavez, and Norton regarding the extension of Plaintiff's SHU term. That claim was dismissed for failure to exhaust administrative remedies.