**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-00224-DLB PC<br><br>**ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS** (ECF No. 91)<br><br>**ORDER VACATING DISCOVERY AND SCHEDULING ORDER** (ECF NO. 73)<br><br>DEFENDANTS' RESPONSIVE PLEADING DUE WITHIN THIRTY DAYS |

**I.    Background**

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on February 4, 2009. On May 8, 2009, the Court dismissed Plaintiff's complaint with leave to amend. On June 2, 2009, Plaintiff filed his first amended complaint. On November 2, 2009, the Court dismissed Plaintiff's first amended complaint with leave to file a second amended complaint. On November 17, 2009, Plaintiff filed his second amended complaint. On May 3, 2010, Plaintiff filed a third amended complaint. On June 29, 2010, the Court screened Plaintiff's third amended complaint and dismissed certain claims and Defendants. On April 6, 2011, Plaintiff filed a fourth amended complaint. On June 20, 2012, the Court granted Plaintiff one final opportunity to file a fifth amended complaint. On July 11, 2012, Plaintiff filed his Fifth Amended Complaint. ECF

1

No. 91. Because of the numerous opportunities provided to Plaintiff to amend his complaint, the Court will grant Plaintiff no further leave to amend.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary of Fifth Amended Complaint**

Plaintiff was confined at California State Prison – Corcoran ("CSP-Cor") in Corcoran, California, during the events alleged in this action. Plaintiff names as Defendants: the director of CDCR; Chief Deputy Wardens ("CDW") R. Lopez and T. Norton of CSP-Cor; R. Broomfield and R. Chavez, Correctional Counselor II ("CC II") at CSP-Cor; D. White and W. S. Nickels, CC I at CSP-Cor; S. Rousseau and A. Diaz, lieutenants at CSP-Cor; M. Lopez and P. Maldonado, sergeants at CSP-Cor.

Plaintiff alleges the following. While incarcerated in Administrative Segregation 3A03 ("ad seg") at CSP-Cor in January of 2008, Defendants Diaz, M. Lopez, and Maldonado failed to provide Plaintiff with his personal or legal property, even after he showed them a February 19, 2008 court deadline. Fifth Am. Compl. ("5AC") ¶ 15. Plaintiff filed an inmate grievance regarding this. 5AC ¶

15. After submitting this grievance, on February 27, 2008, Plaintiff was issued a Rules Violation Report ("RVR") for refusing a direct order by officer S. Vela regarding accepting a cell mate. 5AC ¶ 16. On March 3, 2008, Defendants Lopez and Diaz put Plaintiff on property restriction for thirty days. 5AC ¶ 17. Plaintiff had access only to one sheet, one shirt, one pair of boxers, and one pair of socks, with no access to his other personal property or hygiene items. 5AC ¶ 17.

On March 10, 2008, Plaintiff attended his RVR 115 hearing, and Defendant Diaz was the senior hearing officer. 5AC ¶ 18. Plaintiff protested, contending that Defendant Diaz was the ad seg lieutenant and had ordered his officers to confiscate Plaintiff's property. 5AC ¶ 18. Plaintiff was ignored, and was found guilty by Defendant Diaz. 5AC ¶ 18.

On May 6, 2008, Plaintiff filed an inmate grievance challenging the guilty finding because Defendant Diaz was not an impartial decision maker. 5AC ¶ 19. Plaintiff remained on property restriction for six months rather than the three months found in the RVR. 5AC ¶ 19. In May of 2008, Defendants Diaz, Lopez, and Maldonado wrote a memo admonishing ad seg inmates about specific punishments that they would receive if Defendants' rules were violated. 5AC ¶ 20. Plaintiff compiled a group inmate grievance contesting the memo, but his grievance was never processed. 5AC ¶ 20.

After the submission of the group grievance, Defendant Maldonado approached Plaintiff at his cell and told him that he would be moving. 5AC ¶ 21. Plaintiff requested to speak with a captain. 5AC ¶ 21. Defendant Maldonado threatened Plaintiff with a cell extraction if Plaintiff refused to move. 5AC ¶ 21. Plaintiff again pleaded to speak to the captain, at which point Defendant Maldonado retreated from the cell. 5AC ¶ 21. A few days later, Defendants Diaz and Lopez threatened Plaintiff with a cell extraction if he refused to move and ordered subordinates to prepare to extract Plaintiff. 5AC ¶ 22. Plaintiff complied, and was housed in cell 150. 5AC ¶ 22.

Cell 150's lights were not properly working. 5AC ¶ 23. Plaintiff alerted Defendants Diaz, Lopez, and Maldonado of the problem, but was ignored. 5AC ¶ 23. Plaintiff then filed another inmate grievance. 5AC ¶ 23. Plaintiff remained in these conditions for two months. 5AC ¶ 23. Ad seg windows are covered in a white substance that prevents much light from passing through. 5AC ¶ 24. Plaintiff's eyes became strained because of his pterygium/dry eye syndrome. 5AC ¶ 24.

1  Plaintiff's eyeglasses had been confiscated, making it difficult for him to conduct many legal
2  endeavors.  5AC ¶ 24.  Plaintiff had surgery on his right in February of 2009.  5AC ¶ 24.

3  Plaintiff was singled out because he was placed in ad seg initially for indecent exposure,
4  which Plaintiff contends happened to other ad seg inmates being housed for indecent exposure.  5AC
5  ¶¶ 25, 26, 27, 28.  Defendants used other inmates in ad seg to harass the ad seg inmates who
6  committed indecent exposure offenses.  5AC ¶ 29.  Plaintiff's filing of inmate grievances singled
7  him out further.  5AC ¶ 30.

8  Defendants Lopez, White, Broomfield, Rousseau, Chavez, Norton, and Nickels were
9  Institutional Classification Committee ("ICC") members who had a duty to exclude certain prison
10 inmates from long term ad seg/ segregated housing unit ("SHU") placement.  5AC ¶ 31.  Plaintiff
11 contends that placing seriously mentally ill inmates in long term ad seg/SHU placement constitutes
12 cruel and unusual punishment.  5AC ¶ 33.  Defendants failed to remove Plaintiff from longer term ad
13 seg/SHU placement, resulting in Plaintiff's mental illness being provoked, and going to the crisis
14 unit for suicide purposes.  5AC ¶ 34.  Plaintiff contends that the ICC Defendants were deliberately
15 indifferent to Plaintiff's mental and physical deterioration.

16 Defendant Secretary of CDCR implemented a 2004 indeterminate SHU policy which was
17 deemed an underground regulation.  5AC ¶ 37.  Defendant Director of CDCR from May 2005 to
18 April 2011 failed to train, supervise, or implement "explicitly mandatory language" regarding
19 excluding certain inmates from long-term ad seg/SHU placement.  5AC ¶ 39.  Plaintiff contends that
20 this left the decision to lock Plaintiff in indeterminate SHU in the hands of the ICC Defendants,
21 which is a violation of Plaintiff's constitutional rights.

22 Plaintiff contends retaliation in violation of the First Amendment, deliberate indifference in
23 violation of the Eighth Amendment, and violation of the Due Process Clause of the Fourteenth
24 Amendment.  Plaintiff requests as relief compensatory damages, attorney's fees, and costs.[1]

25 **III.   Analysis**

26 **A.     Retaliation**

27 Plaintiff contends that Defendants Diaz, Maldonado, and Lopez threatened Plaintiff because

28
---
[1] Pro se litigants are not entitled to an award of attorney's fees under 42 U.S.C. § 1988.  *See Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990).

4

he had filed inmate grievances. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Plaintiff contends that Defendants Diaz, Maldonado, and Lopez threatened Plaintiff with a cell extraction if he refused to change cells. Defendant Diaz found Plaintiff guilty of a rules violation. Plaintiff was placed in a cell with poorly functioning light for two months. Plaintiff remained on property restriction for six months. Plaintiff contends that this occurred because Plaintiff had filed inmate grievances. Plaintiff has sufficiently alleged a retaliation claim against Defendants Diaz, Maldonado, and Lopez for his filing inmate grievances.

**B.     Due Process**

Plaintiff alleges that Defendant Diaz violated Plaintiff's due process rights because he was not an impartial decision maker in ruling on Plaintiff's RVR. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Plaintiff has failed to allege facts which indicate that he was deprived of a protected liberty interest. Plaintiff alleges no facts demonstrating that he suffered an atypical and significant hardship in relation to the ordinary incidents of prison life. Thus, Plaintiff fails to state a due process claim

1 against Defendant Diaz.

### C.     Deliberate Indifference

Plaintiff alleges that the ICC Defendants who found that Plaintiff should be committed to long term ad seg/SHU placements were deliberately indifferent to Plaintiff's mental and physical health in violation of the Eighth Amendment.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Id.* at 835.

Plaintiff fails to state an Eighth Amendment claim.  First, Plaintiff has not sufficiently alleged facts which indicate that Plaintiff suffered an objectively serious harm.  Plaintiff contends that placing serious mentally ill patients in ad seg/SHU was cruel and unusual punishment, referring to *Madrid v. Gomez*, 889 F. Supp. 1146 (N.D. Cal. 1995)[2], and *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995).  However, mere placement in ad seg/SHU of mentally ill prisoners is not

---

[2] *Madrid* is inapplicable, as it only applies to prisoners confined at Pelican Bay State Prison.  889 F. Supp. at 1155.

6

sufficient to demonstrate an objectively serious harm.[3]

Even if Plaintiff had alleged a sufficiently serious harm, Plaintiff fails to allege facts which demonstrate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff does not allege facts which indicate that the ICC Defendants knew of an excessive risk of serious harm to Plaintiff's health and failed to act. For example, Plaintiff contends that he was suicidal while in ad seg. However, Plaintiff also alleges that he was then sent to the crisis unit. Plaintiff fails to state an Eighth Amendment claim against the ICC Defendants.

### D. Secretary of CDCR

Plaintiff contends that the secretary of CDCR implemented a 2004 indeterminate SHU policy which was deemed an underground regulation. Plaintiff contends that Defendant Secretary violated Plaintiff's rights by allowing the ICC Defendants to discriminate against Plaintiff and keep him in long term ad seg/SHU placement. To the extent that Plaintiff contends liability against Defendant Secretary for his supervisory role, Plaintiff fails to state a claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges no facts which indicate that the Defendant Secretary participated in a violation of Plaintiff's constitutional rights or knew of violations and failed to act to prevent them. The invalidity of an underground regulation does not in itself demonstrate a constitutional violation.

---

[3] The situation in *Coleman*, for example, was much more egregious. Inmates had been placed in SHU with no evaluation of their mental state. 912 F. Supp. at 1320. Several inmates were psychotic or suffered serious psychopathological reactions to SHU confinement, and the CDCR staff failed to respond adequately. *Id.* at 1321. Plaintiff fails to allege facts which describe a similar objectively serious harm.

*See Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998) ("As a general rule, a violation of state law does not lead to liability under § 1983.").

### E. Discovery and Scheduling Order

Because Defendants Lopez, Maldonado, and Diaz will be ordered to file a new responsive pleading, the Court will vacate the current Discovery and Scheduling Order and issue new deadlines once the responsive pleading is filed.

### IV. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceeds against Defendants M. Lopez, P. Maldonado, and A. Diaz for retaliation in violation of the First Amendment;
2. All other claims and Defendants are dismissed with prejudice for failure to state a claim upon which relief may be granted;
3. Defendants are required to file a responsive pleading within **thirty (30) days** from the date of service of this order; and
4. The Discovery and Scheduling Order, filed February 2, 2012, is vacated.

IT IS SO ORDERED.

Dated:   **December 5, 2012**           /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE