**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No. 1:09-cv-00224-DLB PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>ECF No. 94 |

**I.   Background**

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On July 11, 2012, Plaintiff filed his Fifth Amended Complaint ("5AC"). On December 5, 2012, the Court screened the complaint and found that it stated cognizable claims for relief against Defendants A. Diaz, M. Lopez, and P. Maldonado for retaliation in violation of the First Amendment. ECF No. 93. On January 4, 2013, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. ECF No. 94. On January 22, 2013, Plaintiff filed his opposition. ECF No. 95. On January 29, 2013, Defendants filed their reply. ECF No. 96. The matter is submitted pursuant to Local Rule 230(l).

**II.   Legal Standard**

The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California*

1

*Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

### III.  Summary of Fifth Amended Complaint[1]

Plaintiff was confined at California State Prison – Corcoran ("CSP-Cor") in Corcoran, California, during the events alleged in this action.  Plaintiff names as Defendants: A. Diaz, correctional lieutenant at CSP-Cor, and M. Lopez and P. Maldonado, correctional sergeants at CSP-Cor.

Plaintiff alleges the following.  While incarcerated in Administrative Segregation 3A03 ("ad seg") at CSP-Cor in January of 2008, Defendants Diaz, M. Lopez, and Maldonado failed to provide Plaintiff with his personal or legal property, even after he showed them a February 19, 2008 court deadline. Fifth Am. Compl. ("5AC") ¶ 15.  Plaintiff filed an inmate grievance regarding this.  5AC ¶ 15.  After submitting this grievance, on February 27, 2008, Plaintiff was issued a Rules Violation Report ("RVR") for refusing a direct order by Officer S. Vela regarding accepting a cell mate.  5AC ¶ 16.  On March 3, 2008, Defendants Lopez and Diaz put Plaintiff on property restriction for thirty days.  5AC ¶ 17.  Plaintiff had access only to one sheet, one shirt, one pair of boxers, and one pair of socks, with no access to his other personal property or hygiene items.  5AC ¶ 17.

---

[1] Only Plaintiff's allegations which are relevant to this motion are included.

On March 10, 2008, Plaintiff attended his RVR 115 hearing, and Defendant Diaz was the senior hearing officer. 5AC ¶ 18. Plaintiff protested, contending that Defendant Diaz was the ad seg lieutenant and had ordered his officers to confiscate Plaintiff's property. 5AC ¶ 18. Plaintiff was ignored, and was found guilty by Defendant Diaz. 5AC ¶ 18.

On May 6, 2008, Plaintiff filed an inmate grievance challenging the guilty finding because Defendant Diaz was not an impartial decision maker. 5AC ¶ 19. Plaintiff remained on property restriction for six months rather than the three months found in the RVR. 5AC ¶ 19. In May of 2008, Defendants Diaz, Lopez, and Maldonado wrote a memo admonishing ad seg inmates about specific punishments that they would receive if Defendants' rules were violated. 5AC ¶ 20. Plaintiff compiled a group inmate grievance contesting the memo, but his grievance was never processed. 5AC ¶ 20.

After the submission of the group grievance, Defendant Maldonado approached Plaintiff at his cell and told him that he would be moving. 5AC ¶ 21. Plaintiff requested to speak with a captain. 5AC ¶ 21. Defendant Maldonado threatened Plaintiff with a cell extraction if Plaintiff refused to move. 5AC ¶ 21. Plaintiff again pleaded to speak to the captain, at which point Defendant Maldonado retreated from the cell. 5AC ¶ 21. A few days later, Defendants Diaz and Lopez threatened Plaintiff with a cell extraction if he refused to move and ordered subordinates to prepare to extract Plaintiff. 5AC ¶ 22. Plaintiff complied, and was housed in cell 150. 5AC ¶ 22.

Cell 150's lights were not properly working. 5AC ¶ 23. Plaintiff alerted Defendants Diaz, Lopez, and Maldonado of the problem, but was ignored. 5AC ¶ 23. Plaintiff then filed another inmate grievance. 5AC ¶ 23. Plaintiff remained in these conditions for two months. 5AC ¶ 23. Ad seg windows are covered in a white substance that prevents much light from passing through. 5AC ¶ 24. Plaintiff's eyes became strained because of his pterygium/dry eye syndrome. 5AC ¶ 24. Plaintiff's eyeglasses had been confiscated, making it difficult for him to conduct many legal endeavors. 5AC ¶ 24. Plaintiff had surgery on his right eye in February of 2009. 5AC ¶ 24.

**IV.   Analysis**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985);

*see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Defendants contend that Plaintiff's claims of retaliation are composed of three issues: alleged retaliation for 1) the filing of his grievance concerning Defendant Diaz's impartiality, 2) his grievance regarding complaining of his property restriction, and 3) his grievance concerning Defendants' issuance of a memo. Defs. Mem. P. & A. 6-7.

### A.    Property Grievance

As to Plaintiff's property grievance, Defendants contend that they did not take any action against Plaintiff to place him on property restriction. Defs. Mem. P. & A. 5:5-8. Rather, it was officer Vela who issued a Rules Violation Report that led to Plaintiff's property restriction. Defs. Mem. P. & A. 5:5-8. Plaintiff had also been placed on property restriction for refusing a direct order to accept a cellmate, which Plaintiff does not deny that he did.

Plaintiff contends that he was placed on property restriction because he was charged with refusing to submit to handcuffs, not because he refused to accept a cellmate. Pl. Opp'n 6:17-7:19. However, Plaintiff does not allege that in the 5AC, and thus, the Court reviews only Plaintiff's pleadings. Plaintiff further contends that property restrictions cannot be imposed as punishment on administrative segregation inmates.

The Court finds that Plaintiff fails to state a claim regarding retaliation for his property grievance. Plaintiff fails to allege facts which demonstrate that Defendants took the adverse action against Plaintiff, or that the adverse action was not in furtherance of a legitimate penological goal. . Defendants cite to the CDCR's Departmental Operations Manual ("D.O.M.") section 54046.11.[2] Restrictions for up to 180 days are applicable to inmates who refuse appropriate housing more than

---

[2] The Court takes judicial notice of the D.O.M. pursuant to Rule 201 of the Federal Rules of Evidence.

once.

### B.     Grievance Concerning Impartiality

Defendants contend that Plaintiff did not sufficiently allege a claim concerning retaliation for the filing of his grievance concerning Defendant Diaz's impartiality. Defs. Mem. P. & A. 7:22-28. Plaintiff contends that he remained on property restriction for six months rather than the three months that was initially ordered. Defendants contend that Plaintiff does not identify who caused him to remain on six month property restriction. For inmates who refuse to accept appropriate housing more than once, such inmates may be subject to property restrictions for up to 180 days.

Plaintiff contends that Defendant Diaz responded to Plaintiff's grievance and stated that he would be removed from property restriction, and was thus responsible. Pl.'s Opp'n 9:23-10:9. However, Plaintiff does not attach this grievance in support. Plaintiff also contends that the provisions of D.O.M. section 54046.11 do not apply to inmates in administrative segregation. That is an unsupported argument. Section 54046.1, which describes housing assignment policy and includes section 54046.11, applies to all inmates, including those in administrative segregation.

The Court finds that Plaintiff fails to state a claim for retaliation as to Plaintiff's grievance regarding impartiality. Plaintiff fails to link Defendants regarding the imposition of additional property restriction. Additionally, the punishment imposed would legitimately advance penological goals.

### C.     Grievance Concerning Memo

Defendants contend that Plaintiff has not alleged sufficient facts to demonstrate that he was retaliated against for filing the grievance concerning the memo by placing him in a new cell with deficient lighting. Defs. Mem. P. & A. 6:20-7:19. Defendants contend that Plaintiff has not linked any Defendant to the choice of the new cell. Defendants contend that Plaintiff fails to allege facts which demonstrate that he was moved to a new cell because of the grievance. Defendants further contend that the faulty light in the new cell is not an adverse action that would deter a person of ordinary firmness from engaging in protected activity. Defendants finally contend that there were legitimate reasons for Plaintiff to move to a new cell, since Plaintiff admits that he repeatedly refused a cell mate and exposed himself to female officers.

Plaintiff contends that the timing of the move is indicative of a retaliatory motive.  Pl. Opp'n 8:21-28.  Plaintiff also contends that he was threatened with a cell extraction if he did not move.

The Court again finds that Plaintiff fails to state a claim concerning alleged retaliation for the filing of this grievance concerning the memo.  Based on the pleadings, Plaintiff did not sufficiently allege facts to demonstrate that the new cell constituted an adverse action for purposes of retaliation.  The faulty light described is not such an adverse action that it would chill a person of ordinary firmness from exercising his First Amendment activities.  The alleged threat to Plaintiff of a cell extraction if he did not move appears to be a threat concerning Plaintiff refusing to comply with an order to move, and not because of an inmate appeal.[3]

### D. Dismissal of Action

This is the Fifth Amended Complaint filed by Plaintiff in this action.  Plaintiff has not been able to cure the deficiencies in this action after being provided several opportunities.  Accordingly, further leave to amend will not be granted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (2000) (en banc).

## V. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' Motion to Dismiss, filed January 4, 2013, is granted;
2. This action is dismissed with prejudice for failure to state a claim upon which relief may be granted;
3. All other pending motions are denied as moot; and
4. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **February 26, 2013**               /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE

---

[3] Having found that Plaintiff fails to state a claim, the Court declines to address Defendants' qualified immunity arguments.

6