# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No. 1:09-cv-00224-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>ECF No. |

Plaintiff Robert E. Coleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On July 11, 2012, Plaintiff filed his Fifth Amended Complaint. On January 4, 2013, Defendants filed a Motion to Dismiss for failure to state a claim. ECF No. 94. On February 27, 2013, the Court granted Defendants' Motion and dismissed Plaintiff's action with prejudice for failure to state a claim upon which relief may be granted. ECF No. 97. Pending before the Court is Plaintiff's Motion for Reconsideration, filed March 18, 2013. ECF No. 99. Defendants filed an Opposition on April 5, 2013. ECF No. 100. Plaintiff filed his Reply on April 18, 2013. ECF No. 101. Because the motion was filed within twenty-eight days after the issuance of the judgment, the motion is properly construed as pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted).  This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff contends that the Court should reconsider its ruling dismissing this action.  Plaintiff seeks to amend to include new facts in his pleadings regarding the property restriction, that he had been accused of refusing to handcuff.  Plaintiff has not demonstrated what newly discovered facts or unavailable evidence requires presentation.  Plaintiff was aware of the facts and circumstances alleged in this action prior to the filing of his Fifth Amended Complaint.   Plaintiff contends that his property restriction should not have been extended an additional three months, but failed to link Defendants to such an extension.  Plaintiff contends that being moved to a cell with a lighting problem constituted an adverse action, but the Court declined to make such a conclusion, as Plaintiff failed to allege facts indicating that it would chill a person of ordinary firmness from exercising his First Amendment activities.  Plaintiff raises no new arguments that merit reconsideration.

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion for Reconsideration, filed March 18, 2013, is denied.

IT IS SO ORDERED.

Dated:   **May 3, 2013**                                    /s/ *Dennis L. Beck*
                                                                                  UNITED STATES MAGISTRATE JUDGE